THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY et al.

*v.*

THE STANDARD OIL COMPANY et al.

A foreign corporation, without any authority whatever, laid a pipe for transporting oil on the bottom of a navigable river, on lands belonging to the state, and underneath a draw-bridge of complainant. At that point the channel was

so deep and wide as that the laying of the pipe there would not interfere with the bridge. A preliminary injunction to prevent such pipe-laying was denied, because,

(1) The pipe had been laid before the application for the injunction was made.

(2) The lands where the pipe crosses the bridge belong to the state, and the complainants have no legislative authority to reclaim them.

(3) The pipe, as laid, does not interfere with or obstruct the maintenance and operation of the draw-bridge nor any lawful filling.

(4) The complainant's franchise of carrying oil is not exclusive, and therefore does not prevent any other company from doing so, if not in contravention of the company's franchise, much less so when it appears the defendants intend to transport only their own oil.

Bill for relief on bill and answer and affidavits &c. Motion for preliminary injunctions.

*Mr. 1. W. Scudder,* for complainant.

*Mr. R. Gilchrist* and *Mr. A. P. Whitehead,* of New York, for defendants.

THE CHANCELLOR.

The complainants, the United New Jersey Railroad and Canal Company and the Pennsylvania Railroad Company, ask for a preliminary injunction to restrain the defendants, the Standard Oil Company, a foreign corporation, and certain persons who are acting for that company in the matter, from " interfering, or in any way attempting to interfere, with the complainants, by laying any pipe, either on or over or under the railroad tracks of the complainants on the draw of their railroad bridge over the Hackensack river, or in any manner, for the purpose of laying such pipes, interfering with or occupying the railroad tracks or other property of the complainants, and from laying pipes in the Hackensack river under or over the before-mentioned bridge, or through, along, under or over the draw therein, and from laying any pipes on land under tide-water in that river, and from flowing oil in the pipes already laid by them."

The grounds of the complaint are that the defendants have, against the protest of the complainants, and by forcible persistence, laid a six-inch iron pipe in the channel of the Hackensack river, under the draw of the railroad bridge of the complainants, through which pipe the oil company intends (and such is the purpose for which the pipe is laid) to convey oil from the railroad of the New York, Lake Erie and Western Railroad Company, at or near Snake Hill, in Jersey City, to the works of the oil company at Constable's Hook, in the city of Bayonne; and the complainants claim that the pipe, though laid in the channel of the river, which is navigable tide-water there, is laid on land which they own, or to which they have some claim of title, and also that the purpose is, in view of their own rights, an unlawful one, viz. to carry oil, which the complainants have a franchise to carry, for tolls; in the exercise of which franchise they insist they ought to be protected.

In the case presented, the complainants do not appear to be entitled to the injunction.

In the first place, the pipe was already laid when the bill was filed, and there is therefore no ground for an injunction to restrain the defendants from laying it. It is laid on the bottom of the river, in the channel, where the water is at least twenty feet deep at low tide. It is capable of being moved twenty feet or more laterally each way, so as not to interfere with the driving of any piles or building any abutments by the complainants which might be requisite or proper for the maintenance of the bridge. It can be raised or lowered, as occasion may require, and will in no wise interfere with any filling where it is laid. Though the complainants make positive claim of title to the land whereon the pipe is laid, the claim is not sustained, but, on the contrary, it appears that the land is the property of the state. The act of 1869 (*P. L. of 1869 p. 1026*), under which the complainants assert a right to it, authorizes the United Companies to reclaim and to erect wharves and other improvements in front of any lands then owned by, or in trust for, them, or either of them, or which were held by any company in which they had the controlling interest, adjoining the Kill von Kull or

any other tide-waters of this state, and to have, hold, possess and enjoy the same as owners thereof, when so reclaimed and improved; provided such improvement should be subject to the regulations, where applicable, of the riparian commissioners as to the line of solid filling and pier lines; and that they should pay into the treasury of the state a designated sum of money for the privilege, and should file, in the secretary of state's office, on or before a designated day, a map and description of the lands under water in front of the upland before referred to. Neither in terms nor by implication did this act give the companies any title or claim to the land under the channel of the river, but the title thereto still remained in the state. The state is not here complaining of any purpresture, and the complainants show no special damage arising to them from the laying or continuance of the pipe in the channel. They have no claim to an injunction on this ground. The defendants do not appear to have been guilty of even a trespass upon the property of the complainants.

But the complainants insist that they are entitled to the injunction on the ground of an unlawful interference with their franchise to transport goods for tolls on their railroads. This claim may be briefly disposed of. In the first place, their franchise obviously cannot be construed into a monopoly of transportation, so as to exclude all competition, by whatever means, in the transportation of goods for hire; and, in the next place, it may be added (though that is not material in this case), the object of the oil company appears to be the conveyance, by means of the pipe, of its own goods alone.

The oil company is, as before stated, a foreign corporation. It appears to have acted, in laying the pipe in the river, entirely without authority. Indeed, it does not pretend to have had any. The case presented, however, does not, as before shown, warrant the granting of a preliminary injunction. It will be denied, but, under the circumstances, without costs